UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CAMELIA FAULK,

    Petitioner,

-vs-                                            Case No.   5:18-cv-314-Oc-36PRL
                                                  Criminal Case No. 5:15-cr-54-Oc-36PRL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is the Government's response (Doc. 6), in which it argues that Petitioner Camelia Faulk's Motion to Vacate Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 should be dismissed as time-barred. Petitioner has filed a Reply. (Doc. 10). Upon consideration, the petition is due to be dismissed.

### PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Petitioner pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Criminal Docket 11, 16, 18, 23). On May 26, 2016, she was sentenced to the statutory minimum of 60 months' imprisonment, followed by 3

years of supervised release (Crim. Doc. 29).[1]  Judgment was entered that day. (*Id.*).  Petitioner did not appeal.  She filed her Section 2255 motion on June 18, 2018.  (Doc. 1).

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a limitations period for Section 2255 motions.  A one-year period of limitations applies to a Section 2255 motion and runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because Petitioner's conviction was final on June 9, 2016,[2] the

---

[1] Petitioner's projected release date is January 19, 2026.  On June 29, 2017, Petitioner was sentenced in the Northern District of Florida to an 84-month sentence for conspiracy to distribute methamphetamine, to run consecutive to her 60-month sentence in this Court. *See United States v. Faulk*, Case No. 4:16-c-53-RH-CAS-1 (N.D. Fla.).

[2] Because Petitioner did not file a direct appeal, her conviction became final fourteen days after the Judgment was entered on May 26, 2016, when the time to appeal expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not

2

limitation period expired one year later on June 9, 2017.   Petitioner did not file her Section 2255 motion until June 18, 2018, more than one year after the limitation period elapsed.   Accordingly, her Section 2255 motion is time-barred under Section 2255(f)(4).

To the extent Petitioner argues that her Section 2255 motion is timely under Section 2255(f)(3) due to the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which she cites, that case does not recognize any right applicable to her section 924(c) conviction.   Rather, *Dimaya* held that the residual clause of 18 USC § 16(b) was unconstitutionally vague.   *Id.* at 1216.   Petitioner does not otherwise demonstrate entitlement to any exception to the limitations period.

Petitioner's Section 2255 motion (Doc. 1) is therefore **DISMISSED**.   The **Clerk** is directed to enter judgment against Petitioner, close this case, and terminate the related Section 2255 motion (Crim. Doc. 31) filed in criminal case number 5:15-cr-54-Oc-36PRL.

## CERTIFICATE OF APPEALABILITY

A petitioner must first obtain a certificate of appealability to appeal a district court's final order in a proceeding brought pursuant to 28 U.S.C. § 2255.   *See* 28 U.S.C. § 2253(c)(1)(B).   A certificate of appealability will issue only if the petitioner

---

appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the. . .entry of either the judgment or the order being appealed.").

3

makes "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §2253(c)(2).  Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural).  Petitioner cannot make that showing. And since she is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on December 21, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner *pro se*
Counsel of Record